# IN THE COURT OF APPEALS OF IOWA

No. 17-0827
Filed February 7, 2018

**KIM M. JOHNSON-KRUEGER,**
    Plaintiff-Appellant,

**vs.**

**ANGELA J. ALDRICH,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

Kim Johnson-Krueger appeals the summary judgment order dismissing her medical malpractice claim. **AFFIRMED.**

Kim M. Johnson-Krueger, Sioux Falls, pro se appellant.

Ellen C. Tolsma of Heidman Law Firm, Sioux City, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Kim Johnson-Krueger sued Angela J. Aldrich, M.D., her gynecologist, alleging she engaged in professional negligence by performing an unnecessary hysterectomy. Johnson-Krueger designated John David Sabow, M.D., a neurologist, as an expert witness in her medical malpractice suit and attempted to designate Kevin W. Hamburger, M.D., an expert witness due to his prior evaluation of Johnson-Krueger. But when deposed, Dr. Hamburger said Johnson-Krueger had not hired him as an expert witness, he declined to testify as to the standard of care in this case, and would only testify as to his care and treatment.

Dr. Aldrich moved for summary judgment, alleging Johnson-Krueger could not establish a prima facie case of medical malpractice because she did not designate an expert who could testify to the appropriate standard of care. Johnson-Krueger resisted, asserting Dr. Sabow's criticisms of Dr. Aldrich's work were valid and Dr. Hamburger's inconsistent diagnosis, compared to Dr. Aldrich's, is enough to prove causation. The district court granted summary judgment, finding:

> [T]he deadline for designating expert witnesses has passed. Dr. Sabow is a neurologist with no specialized knowledge qualifying him to give a causation opinion as to medical standards of care of an obstetrician/gynecologist. Similarly, the mere fact that Dr. Hamburger arrived at a different diagnosis does not by itself establish expert testimony as to a breach of standard of care.
> Although no motion to exclude the witnesses' testimony has been filed, the Court finds that both witnesses would be disqualified from testifying as to causation. Due to this shortcoming, defendant has established that plaintiff's proof will be deficient as to the causation element of the plaintiff's case. As the plaintiff will not be able to establish this element, the plaintiff's case fails as a matter of law.

On appeal, Johnson-Krueger asserts the district court abused its discretion in granting Dr. Aldrich's motion for summary judgment because Dr. Sabow's and Dr. Hamburger's opinions create a question of fact that should be sent to the jury.[1]

To establish a prima facie case of medical malpractice, Johnson-Krueger must submit evidence that shows: (1) the applicable standard of care, (2) a breach of the standard of care, and (3) a causal relationship between the breach and the harm the plaintiff allegedly experienced. *See Peppmeier v. Murphy*, 708 N.W.2d 57, 61–62 (Iowa 2005). Generally, a plaintiff must prove each element through expert testimony. *Phillips v. Covenant Clinic*, 625 N.W.2d 714, 718 (Iowa 2001).[2]

A person need not be licensed in a particular area, or a specialist in a particular field, to offer expert medical opinion. *Hutchison v. Am. Family Mut. Ins. Co.*, 514 N.W.2d 882, 886 (Iowa 1994). "It is not enough, however, that a witness be generally qualified in a field of expertise; the witness must also be qualified to answer the particular question propounded." *Tappe v. Iowa Methodist Med. Ctr.*, 477 N.W.2d 396, 402 (Iowa 1991). Here, Johnson-Krueger attempts to use Dr. Sabow's expert opinion, as a neurologist, to show the hysterectomy was unnecessary. The problem is Dr. Sabow has no experience in gynecology, is not an expert on how to perform a hysterectomy, and agrees a gynecologist has more knowledge about whether a hysterectomy is needed than would a neurologist.

---

[1] Our review is for correction of errors at law. *Seneca Waste Sols., Inc. v. Sheaffer Mfg. Co.*, 791 N.W.2d 407, 410–11 (Iowa 2010).

[2] Iowa is committed to a liberal rule of admission of expert testimony; Iowa Rule of Evidence 5.702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

Because Dr. Sabow is not qualified to answer the question of whether Dr. Aldrich breached the standard of care, we agree with the district court that his testimony cannot be used to prove the causation element of Johnson-Krueger's case.

Likewise, Dr. Hamburger was Johnson-Krueger's initial physician; however he only performed one evaluation, which returned normal results. At the time of the evaluation, Dr. Hamburger did not feel Johnson-Krueger's problem was gynecological, but since she experienced pain, he recommended that she seek additional care. At his deposition, he declined to opine on whether Dr. Aldrich breached the standard of care or to act as an expert witness, and said it was possible Johnson-Krueger's condition worsened to the point where she needed further gynecological treatment after his one-and-only evaluation. Further, there is no record Dr. Hamburger ever opined to the standard of care, and there was no motion compelling him to do so. We agree with the district court that his deposition testimony does not establish expert testimony as to a breach of the standard of care.

Because Johnson-Krueger is unable to produce expert testimony that Dr. Aldrich breached the standard of care, we agree with the district court that she failed to generate a jury question on her professional negligence claims.

**AFFIRMED.**